[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  11-15235
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cv-00631-RDP-JEO

GERALD DEWAYNE BREWSTER,

Petitioner-Appellant,

versus

WARDEN BOYD, et al.,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 7, 2013)

Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

The district court denied the habeas corpus petition filed by Gerald

Brewster, *see* 28 U.S.C. § 2254, ruling that Mr. Brewster's claim under *Batson v.*

*Kentucky,* 476 U.S. 79 (1986), was procedurally barred and in any event failed on the merits. This is Mr. Brewster's appeal from that ruling. We affirm, concluding that the magistrate judge and the district court did not clearly err in finding, after an evidentiary hearing, that the prosecutor's use of peremptory strikes was not the result of racial discrimination.[1]

An Alabama jury convicted Mr. Brewster, who is African-American, of attempted murder and third-degree theft. The trial court sentenced him to imprisonment for life plus 12 months.

Mr. Brewster's *Batson* claim revolves around the prosecutor's failure to use a peremptory strike on a white juror, Dolores Aultman, whose deceased brother had served two years in prison for auto theft some 30 years ago. Mr. Brewster contends that the prosecutor's striking of the only three African-American prospective jurors on the panel was based on race because the prosecutor had explained at the time that he had struck one of the three—Brandi Cole—because she had relatives who had been convicted of crimes. Mr. Brewster argues that this explanation for the strike of Ms. Cole was false because the prosecutor, had he been telling the truth about his jury selection theory, would also have struck Ms.

---

[1] Given our disposition, we do not reach the other issues on which we granted a certificate of appealability. It is unnecessary to decide whether the *Batson* claim is procedurally defaulted because the claim fails on the merits. And because we conclude that the *Batson* claim fails on the merits, it follows that Mr. Brewster's appellate counsel did not render ineffective assistance of counsel by failing to more clearly raise that claim on appeal.

Aultman.[2]

The magistrate judge held an evidentiary hearing, at which the prosecutor testified, and issued a report recommending that the district court find the *Batson* claim procedurally defaulted or alternatively deny that claim on the merits.   The magistrate judge found that the prosecutor had failed to strike Ms. Aultman because he had been unaware of the sidebar disclosure by Ms. Aultman of her deceased brother's conviction.   Thus, the prosecutor's strike of Ms. Cole, and failure to strike Ms. Aultman, was not based on discrimination, but was rather due to a mistake.   After conducting a de novo review of the record—including the transcript of the evidentiary hearing before the magistrate judge—the district court adopted the report and recommendation and denied Mr. Brewster's habeas corpus petition.

In cases involving an alleged *Batson* violation, "a trial court's ruling on the issue of discriminatory intent must be sustained unless it is clearly erroneous." *Snyder v. Louisiana,* 552 U.S. 472, 477 (2008).  *See also United States v. Walker,* 490 F.3d 1282, 1291 (11th Cir. 2007) ("[T]he district court's determination concerning the actual motivation behind each challenged strike amounts to pure factfinding, and we will reverse only if the decision is clearly erroneous.").

---

[2] The prosecutor explained that he struck the other two African-American jurors because one of them served on a jury that returned a not guilty verdict and lived in the area of the alleged offenses, and the other had a father who lived on the same street where the offenses allegedly took place.

Because it was supported by the evidence, we cannot say that the finding of the magistrate judge and the district court on the issue of intent amounted to clear error.

First, the prosecutor testified that, though he did not have an independent recollection of the jury selection in Mr. Brewster's case, his normal practice was to write down on a yellow sheet of paper the names of all prospective jurors who spoke to the court at sidebar as well as what they told the court. The prosecutor believed that he had not realized that Ms. Aultman had approached the court sidebar (and had not heard her speak to the court) because (1) his yellow sheet from Mr. Brewster's case did not list Ms. Aultman, (2) he did not face the bench in the courtroom and may not have seen Ms. Aultman approach, and (3) he was deaf in one ear and partially deaf in the other and may not have heard what she had to say. The magistrate judge and the district court credited this testimony, and we see no basis for overturning that credibility determination. *See United States v. Ramirez-Chilel,* 289 F.3d 744, 749 (11th Cir. 2002) (credibility determination will be upheld unless lower court's understanding of the facts was "unbelievable").[3]

Second, the prosecutor struck a prospective white juror who, like Ms. Cole, disclosed that a relative (his mother-in-law) had been convicted of a crime (murder). Though not dispositive, this use of a peremptory strike in a race-neutral

---

[3] The prosecutor also testified that he did not strike prospective jurors on the basis of race.

4

fashion supports the finding that the prosecutor did not engage in purposeful discrimination when he struck Ms. Cole and did not strike Ms. Aultman.

The district court's denial of Mr. Brewster's habeas corpus petition is affirmed.

**AFFIRMED.**